UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 THE UNITED STATES OF AMERICA, Petitioner
 v.
 Colonel GREGORY A. GROSS
 Military Judge, Respondent

 ARMY MISC 20081049

 III Corps and Fort Hood
 Colonel Gregory A. Gross, Military Judge
 Colonel John W. Miller, II, Staff Judge Advocate

For Petitioner: Captain Adam S. Kazin, JA (argued); Colonel Denise R.
Lind, JA; Lieutenant Colonel Mark H. Sydenham; Lieutenant Colonel Stephen
P. Haight, JA; Captain Adam S. Kazin, JA (on reply brief); Colonel Denise
R. Lind, JA; Lieutenant Colonel Mark H. Sydenham; Lieutenant Colonel
Stephen P. Haight, JA; Captain Adam S. Kazin, JA (on brief).

For Respondent: Captain Alison L. Gregoire, JA (argued); Lieutenant
Colonel Mark Tellitocci, JA; Major Grace M. Gallagher, JA; Captain Alison
L. Gregoire, JA (on brief).

 9 January 2009

 -------------------------------------------------------
 SUMMARY DISPOSITION ON
 PETITION FOR EXTRAORDINARY RELIEF
 ------------------------------------------------------

Per Curiam:

 This matter is before us as a result of a petition for extraordinary
relief filed by the United States pursuant to the All Writs Act, 28 U.S.C.
§ 1651(a) (2000). In a petition for Extraordinary Relief in the Nature of
a Writ of Prohibition, the government asks this court to prohibit
enforcement of an order by Colonel (COL) Gross granting fifty days
confinement credit in the general court-martial case of United States v.
Peter B. Franco. After hearing evidence on the matter, COL Gross found “no
legitimate government objective” in the delay of the court-martial
proceedings caused by failure to have all court members present for trial
at the appointed time. The military judge found the delay caused PFC
Franco “additional, unnecessary, and avoidable stress” and violated Article
13, Uniform Code of Military Justice, 10 U.S.C. §813 [hereinafter UCMJ].
 We do not decide whether the government may use an extraordinary writ
to seek appellate review of an order that does not fall within those
matters specifically contemplated by Article 62, UCMJ. “We need not decide
under what circumstances, if any, such a [writ] would be appropriate.”
Will v. United States, 389 U.S. 90, 98 (1967). The military judge’s ruling
is not in clear violation of statute or decisional law and petitioner is
not clearly and indisputably entitled to the relief sought. For these
reasons, no grounds exist for extraordinary relief from the ruling of the
military judge. See Dettinger v. United States, 7 M.J. 216 (C.M.A. 1979).

 Accordingly, the petition of the United States for extraordinary
relief in the nature of a writ of prohibition is hereby denied.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court